NORMAN E. LEHRER, P.C.
Norman E. Lehrer, Esquire
1205 North Kings Highway
Cherry Hill, New Jersey 08034
856.429.4100
patents@pobox.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| SCRUB DADDY, INC., | : | |
| | : | CIVIL ACTION NO. 16- |
| Plaintiff, | : | |
| v. | : | |
| | : | COMPLAINT |
| BERATEK INDUSTRIES LLC, | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

Plaintiff, for its complaint against Defendant, alleges and avers as follows:

THE PARTIES, JURISDICTION AND VENUE

1.  Plaintiff, Scrub Daddy, Inc., (hereinafter "Scrub Daddy") is a Pennsylvania corporation having a place of business at 6 Horne Drive, Folcroft, Pennsylvania 19032.

2.  Defendant, Beratek Industries LLC, (hereinafter "Beratek") is an Iowa limited liability company having a place of business at 407 9th Avenue SE, Cedar Rapids, Iowa 52401.

3. This Court has jurisdiction over Counts I and II of this complaint under 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121 in that the causes of action stated therein arise under the trademark laws of the United States and, particularly, 15 U.S.C. §§ 1114 and 1125(a). This Court has jurisdiction over the remaining count herein under the provisions of 28 U.S.C. §1338(b) in that the claim set forth therein is joined with substantial and related claims under the trademark laws of the United States. Jurisdiction over the remaining count is also proper under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Beratek in that the company regularly does business in New Jersey and has sold products in New Jersey that are alleged to infringe Scrub Daddy's rights as more fully described below. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FACTS APPLICABLE TO ALL COUNTS

5. Scrub Daddy is the originator of the SCRUB DADDY sponge, which is a round household sponge in the shape of a smiling face having two eyes and a mouth and a ribbed top representing hair.

6. Tens of millions of SCRUB DADDY sponges have been sold over the past several years through QVC on television and in thousands of retail stores throughout the United States.

7. Scrub Daddy was a successful contestant on the television show Shark Tank and has appeared on that show several times since its first appearance. The SCRUB DADDY sponge is the most successful product that has ever appeared on Shark Tank.

8. As a result of the millions of sales of the SCRUB DADDY sponge and its extensive national exposure, the appearance of the SCRUB DADDY sponge has acquired distinctiveness and is recognized as a product originating with Scrub Daddy and with Scrub Daddy only.

9. On January 27, 2015, the United States Patent and Trademark Office issued trademark Registration No. 4,677,237 to Scrub Daddy for the appearance of the SCRUB DADDY sponge as a trademark for the same. A copy of this registration is attached hereto as Exhibit A.

10. On February 16, 2016, the United States Patent and Trademark Office issued trademark Registration No. 4,902,053 to Scrub Daddy for a logo which depicts the front face of the SCRUB DADDY sponge. A copy of this registration is attached hereto as Exhibit B.

11. In order to further identify its products and distinguish them from the products of others, Scrub Daddy has adopted a number of other trademarks, including SMILE FACE SPONGE.

12. On September 29, 2015, the United States Patent and Trademark Office issued trademark Registration No. 4,822,947 to Scrub Daddy for the trademark SMILE FACE SPONGE. A copy of this registration is attached hereto as Exhibit C.

13. Beratek has recently begun offering for sale a sponge holder which has the identical appearance of the face of the SCRUB DADDY sponge. The appearance of Beratek's holder is clearly an infringement of Scrub Daddy's trademark Registration Nos. 4,677,237 and 4,902,053 in that a person seeing the Beratek holder would be likely to believe that Scrub Daddy is the source of the holder, or that Scrub Daddy has licensed Beratek, or that there is some other relationship between the companies.

14. In promoting its product, Beratek refers to the same as the SMILEY SPONGE HOLDER. The use of the term SMILEY SPONGE HOLDER is an infringement of Scrub Daddy's registered trademark SMILE FACE SPONGE in that the ordinary consumer would believe that the SMILEY SPONGE HOLDER originates with Scrub Daddy or that Scrub Daddy has licensed the sale of SMILEY SPONGE HOLDERS or that there is some other relationship between Scrub Daddy and the producer of the SMILEY SPONGE HOLDER.

## COUNT I - INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS

15. Plaintiff repeats the allegations of paragraphs 1-14 above as if fully set forth herein.

16. Beratek's use of Scrub Daddy's trademarks, as set forth above, is without permission or authority of Scrub Daddy and is likely to cause confusion, to cause mistake or to deceive and is, therefore, an infringement of Scrub Daddy's trademark rights under 15 U.S.C. § 1114.

17. Beratek has had full knowledge of Scrub Daddy's rights and, on information and belief, all acts done by Beratek were done willfully with the intent to infringe upon Scrub Daddy's registered trademarks.

## COUNT II - FEDERAL UNFAIR COMPETITION

18. Plaintiff repeats the allegations of paragraphs 1-17 above as if fully set forth herein.

19. All of the acts complained of above also amount to Federal unfair competition in that they constitute a false description and false representation in violation of 15 U.S.C. § 1125(a).

20. In addition to the foregoing, in advertisements for its product, Beratek displays numerous SCRUB DADDY sponges. In fact, the most prominent part of Beratek's advertisement is the appearance of SCRUB DADDY sponges. A sample of Beratek's advertisement is attached hereto as Exhibit D.

21. The ordinary observer viewing Beratek's advertisement would undoubtedly be confused or deceived into believing that the advertisement was from Scrub Daddy and that Scrub Daddy was, therefore, either selling the SMILEY SPONGE HOLDER or was licensing Beratek to do so or was otherwise somehow connected to or related to Beratek.

22. The acts of Beratek described above, therefore, constitute a false association or false description or false representation in violation of 15 U.S.C. § 1125(a) in that Beratek is improperly using Scrub Daddy's products to sell its own products.

23. On information and belief, all acts done by Beratek were done willfully with the intent to infringe upon Scrub Daddy's rights in violation of 15 U.S.C. § 1125(a).

### COUNT III - COMMON LAW UNFAIR COMPETITION

24. Plaintiff repeats the allegations of paragraphs 1-23 above as if fully set forth herein.

25. The acts of Beratek set forth above also constitute common law unfair competition.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant, its agents, servants, employees and attorneys and all those persons in active concert or participation with it who receive actual notice hereof be enjoined

pendente lite and thereafter from utilizing the appearance of Plaintiff's SCRUB DADDY sponge as all or part of its holder and from utilizing the name SMILEY SPONGE in association with its holder.

   B. That Defendant, its agents, servants, employees and attorneys and all those persons in active concert or participation with it who receive actual notice hereof be enjoined pendente lite and thereafter from displaying SCRUB DADDY sponges in order to promote its holder.

   C. That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendant and, in addition, the damages sustained by Plaintiff as a result of Defendant's infringement and unfair competition together with legal interest from the date of accrual thereof and that, because of the willful nature of such infringement and unfair competition, and pursuant to 15 U.S.C. § 1117, the Court enter judgment for three times the amount of said damages.

   D. That pursuant to 15 U.S.C. § 1117 Defendant be required to pay Plaintiff the cost of this action and reasonable attorney's fees.

   E. That Plaintiff have such other and further relief as this Court deems just and proper.

             NORMAN E. LEHRER, P.C.

            By: /s/ *Norman E. Lehrer*
             Norman E. Lehrer
             Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by its attorney, hereby demands a trial by jury of all issues triable by jury.

                NORMAN E. LEHRER, P.C.

                By: /s/ Norman E. Lehrer
                    Norman E. Lehrer
                    Attorneys for Plaintiff

## DECLARATION UNDER LOCAL RULE 11.2

I hereby declare that, to the best of my knowledge, this matter is not the subject of any other pending action in any court, or of any pending arbitration or administrative proceeding.

                NORMAN E. LEHRER, P.C.

                By: /s/ Norman E. Lehrer
                    Norman E. Lehrer
                    Attorneys for Plaintiff